EXHIBIT A

FILED
Amy Hunley
CLERK, SUPERIOR COURT
12/06/2024 12:25PM
BY: RPORTER
DEPUTY

1

MESCH CLARK ROTHSCHILD

2

259 North Meyer Avenue

3

Tucson, Arizona 85701
Phone: (520) 624-8886

4

Fax:    (520) 798-1037
Email: bholtzman@mcrazlaw.com

5

        ecfpima@mcrazlaw.com

6

7

By:    Barney M. Holtzman, #016554
            12464-1

8

*Attorneys for Plaintiff*

9

### ARIZONA SUPERIOR COURT

10

### COCHISE COUNTY

11

12

KATIE FAHAD, an individual,

No.  CV202400100

13

                    Plaintiff,

**AMENDED COMPLAINT**

14

vs.

15

CHIRICAHUA COMMUNITY HEALTH
CENTERS, INC., an Arizona corporation,

(Jury Trial Requested)

16

17

                    Defendant.

(Assigned to Hon. John F. Kelliher, Jr.)

18

19

20

For her complaint, Plaintiff Katie Fahad ("Fahad") alleges as follows:

21

### PARTIES, JURISDICTION, AND VENUE

22

        1.      Plaintiff Katie Fahad is a resident of Cochise County, Arizona and at all

23

relevant times had been the Director of Health Center Operations in the employment of

24

Defendant Chiricahua Community Health Centers, Inc. ("CCHCI") in Arizona.

25

        2.      Defendant CCHCI is a non-profit corporation doing business in Cochise

26

County, Arizona.

3.     This Court has jurisdiction over this matter as all relevant events occurred in Cochise County.

4.     At all relevant times, Fahad was an "employee" of Defendant as defined by A.R.S. § 41-1461 and 42 U.S.C. §12111(4).

5.     At all relevant times, CCHCI was an employer of Fahad as defined by A.R.S. § 41-1461 and 42 U.S.C. §12111(5).

6.     Fahad is a qualified individual with a disability under A.R.S. § 41-1461 and 42 U.S.C. §12111(8).

7.     Venue is proper in this Court under A.R.S. § 12-401.

8.     This is a Tier 2 case under Rule 26.2(b), Ariz. R. Civ. P., and is not eligible for assignment to compulsory arbitration.

9.     Plaintiff has exhausted her administrative remedies and has timely brought this action.

## GENERAL ALLEGATIONS

10.     In or around February 2022, Fahad began her employment with CCHCI as the Director of Health Center Operations.

11.     Beginning in or around April 2022, Fahad was given a remote work agreement by CCHCI.

12.     The remote work agreement did not have an expiration date and permitted Fahad to work from home once per week.

13.     Fahad performed her work, at least satisfactorily, between April 2022 and January 2023.

14.     In January 2023, CCHCI's CEO Jonathan Melk ("Melk") was Fahad's direct supervisor.

15.     Fahad took January 3 and 4, 2023 off from work. She informed CCHCI she needed the time off because she was "unwell."

16.     On or around the evening of January 4, 2023, Melk requested over instant message that Fahad perform a site visit of a clinic on January 5, 2023.

17.     Fahad informed Melk that, due to her disability, she would not be able to attend in person on that day, would be utilizing her work from home day, and would visit the clinic on January 6, 2023.

18.     Melk denied Fahad's reasonable accommodation request and terminated her remote work agreement over instant message at or about 9:00 p.m. on January 4, 2023.

19.     Melk did not suggest another reasonable accommodation, request additional information about Fahad's disability or symptoms, or request information about her mental impairment.

20.     On or around January 5, 2023, Fahad provided Melk with medical documentation from her doctor supporting the need for reasonable accommodation.

21.     Melk demanded Fahad provide personal information about her specific disability, which Fahad initially refused.

22.     After the third demand from Melk, Fahad provided him the requested personal information about her disability.

23.     After Fahad provided the additional personal information about her disability and again requested she be permitted to work remotely at least one day per week, Melk stated again her remote work agreement was revoked.

24.     Melk did not suggest another reasonable accommodation.

25.     Other similarly situated non-disabled employees of CCHCI are permitted to work remotely entirely and are not subject to any in-office requirements.

26.     Other similarly situated non-disabled employees of CCHCI are permitted to work remotely at least one-day a week.

27.     Beginning on or about January 6, 2023, and continuing through February 2023, Fahad made numerous complaints to CCHCI's Human Resources Department,

1   including written requests for reasonable accommodation.

2         28.    Fahad's initial request for accommodation included a letter from her doctor

3   suggesting either some remote work or a reduction in working hours.

4         29.    CCHCI's HR Department directed Fahad to get a revised doctor note before

5   they would consider her accommodations request.

6         30.    Fahad reached out to her provider, who sent a revised letter requesting a 32-

7   hour work week where two days per week would be remote.

8         31.    CCHCI's HR Department denied Fahad's reasonable accommodation request

9   for remote work and failed to engage in an interactive process by refusing to discuss their

10   decision.

11         32.    After Fahad's complaints, CCHCI changed Fahad's supervisor from Melk, the

12   CEO, to Jessica King ("King"), the Chief of Staff, and Fahad was told to refrain from

13   contacting Melk.

14         33.    After Fahad's complaints, Melk and King excluded Fahad from meetings,

15   cancelled meetings with her, and undermined her in front of other employees.

16         34.    Melk's and King's actions continually triggered the symptoms of Fahad's

17   disability.

18         35.    Fahad complained to HR about her treatment by Melk and King.

19         36.    CCHCI took no effective corrective action to address Fahad's concerns.

20         37.    In or around February 2023, Fahad felt compelled to submit her resignation,

21   listing her last day of work as March 3, 2023.

22         38.    CCHCI's HR changed Fahad's last day of work to February 23, 2023.

23         39.    In March 2023, Fahad raised concerns to CCHCI's Board of Directors about

24   CCHCI's and Melk's misuse of grant money, improper payment of wages and benefits,

25   improper procurement practices, fiscal mismanagement, security risks, compliance lapses,

26   sex discrimination, and overall mismanagement.

4

**COUNT I**

**Disability Discrimination**
**A.R.S. § 41-1461 *et seq.* and 42 U.S.C. §12101 *et seq.***

40.    Plaintiff incorporates the allegations above.

41.    Plaintiff has a disability under A.R.S. § 41-1461(5) and 42 U.S.C. §12102.

42.    Defendant subjected Plaintiff to different terms and conditions of employment based on her disability.

43.    Defendant failed to provide Plaintiff with reasonable accommodations based on her disability.

44.    Defendant constructively discharged Plaintiff.

45.    Defendant's stated reasons, if any, for failing to provide Plaintiff with reasonable accommodations for her disability are pretextual.

46.    Defendant's discriminatory conduct was deliberate, willful, and performed with reckless disregard for Plaintiff's rights.

47.    As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered financial and emotional damages.

**COUNT II**

**Hostile Work Environment**
**A.R.S. § 41-1461 *et seq.* and 42 U.S.C. §12101 *et seq.***

48.    Plaintiff incorporates the allegations above.

49.    Plaintiff has a disability under A.R.S. § 41-1461(5) and 42 U.S.C. §12102.

50.    Defendant subjected Plaintiff to different terms and conditions of employment based on her disability.

51.    Defendant treatment and actions against Plaintiff constitute violations of the Arizona Civil Rights Act, A.R.S. § 41-1463, and the Americans with Disabilities Act, 42 U.S.C. §12112, which prohibit workplace discrimination.

52.    Defendant's discriminatory conduct was deliberate, willful, and performed with reckless disregard for Plaintiff's rights.

53.    As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered financial and emotional damages, including emotional distress, mental anguish, humiliation and embarrassment, loss of enjoyment of life.

## COUNT III

### Constructive Discharge, A.R.S. § 23-1502

54.    Plaintiff incorporates the allegations above.

55.    Plaintiff's working conditions were objectively difficult or unpleasant to the extent that a reasonable employee would feel compelled to resign.

56.    Plaintiff gave Defendant at least fifteen days' notice that Plaintiff intended to resign because of her working conditions.

57.    Defendant failed to respond to Plaintiff's concerns.

58.    Plaintiff felt compelled to resign because of the objectively difficult or unpleasant working conditions to which she was subjected.

59.    Defendant constructively discharged Fahad.

60.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Katie Fahad respectfully requests:

A.    Compensatory damages for pain and suffering, humiliation, damage to reputation, loss of enjoyment of life and emotional distress in an amount to be proven at trial;

1    B.    Back pay and front pay in an amount to be proven at trial;

2    C.    Punitive damages in an amount to be proven at trial;

3    D.    Attorneys' fees and costs incurred in this lawsuit under A.R.S. §§ 12-341 & 41-

4  1472 and 42 U.S.C. § 2000e; and

5    E.    Additional relief as the Court deems just.

6

7

8   DATED:  November 22, 2024           MESCH CLARK ROTHSCHILD

9

10                                       By: /s/ Barney M. Holtzman
11                                           Barney M. Holtzman
                                             *Attorneys for Plaintiff*
12

13

14  Original filed with AZ TurboCourt and
    copies sent by e-mail on this 22nd day
15  of November, 2024, to:

16
    Gordon Lewis
17  Stephanie Baldwin
    Jones, Skelton & Hochuli P.L.C.
18  40 N. Central Avenue
    Suite 2700
19  Phoenix, AZ 85004
    glewis@jshfirm.com
20  sbaldwin@jshfirm.com
    minuteentries@jshfirm.com
21
22  *Attorneys for Defendant*

23

24  By: /s/ Lollie Hannigan

25

26

EXHIBIT B

FILED
Amy Hunley
CLERK, SUPERIOR COURT
02/15/2024  2:08PM
BY: LTUPER
DEPUTY

Case No.: S0200CV202400100
HON. TERRY BANNON

1
2  MESCH CLARK ROTHSCHILD
3  259 North Meyer Avenue
   Tucson, Arizona 85701
   Phone:  (520) 624-8886
4  Fax:     (520) 798-1037
   Email: bholtzman@mcrazlaw.com
5  Email: clujan@mcrazlaw.com
6         ecfpima@mcrazlaw.com

7  By:    Barney M. Holtzman, #016554
          Caitlin G. Lujan, #038210
8         12464-1/rno

9
   *Attorneys for Plaintiff*
10

11                    **ARIZONA SUPERIOR COURT**

12                       **COCHISE COUNTY**

13

14  KATIE FAHAD, an individual,              No.

15                    Plaintiff,             **COMPLAINT**

16  vs.                                      **Jury Trial Requested**

17  CHIRICAHUA COMMUNITY HEALTH
    CENTERS, INC., an Arizona corporation,

18                                           Hon. _____
    
19                    Defendant.

20      For her complaint, Plaintiff Katie Fahad ("Fahad") alleges as follows:

21                **PARTIES, JURISDICTION, AND VENUE**

22      1.      Plaintiff Katie Fahad is a resident of Cochise County, Arizona and at all

23  relevant times had been the Director of Health Center Operations in the employment of

24  Defendant Chiricahua Community Health Centers, Inc. ("CCHCI") in Arizona.

25      2.      Defendant CCHCI is a non-profit corporation doing business in Cochise

26  County, Arizona.

3.     This Court has jurisdiction over this matter as all relevant events occurred in Cochise County.

4.     At all relevant times, Fahad was an "employee" of Defendant as defined by A.R.S. § 41-1461.

5.     At all relevant times, CCHCI was an employer of Fahad as defined by A.R.S. § 41-1461.

6.     Fahad is a qualified individual with a disability under A.R.S. § 41-1461.

7.     Venue is proper in this Court under A.R.S. § 12-401.

8.     This is a Tier 2 case under Rule 26.2(b), Ariz. R. Civ. P., and is not eligible for assignment to compulsory arbitration.

9.     Plaintiff has exhausted her administrative remedies and received a Right to Sue Letter from the Arizona Civil Rights Division of the Attorney General's Office.

**GENERAL ALLEGATIONS**

10.     In or around February 2022, Fahad began her employment with CCHCI as the Director of Health Center Operations.

11.     Beginning in or around April 2022, Fahad was given a remote work agreement by CCHCI.

12.     The remote work agreement did not have an expiration date and permitted Fahad to work from home once per week.

13.     Fahad performed her work, at least satisfactorily, between April 2022 and January 2023.

14.     In January 2023, CCHCI's CEO Jonathan Melk ("Melk") was Fahad's direct supervisor.

15.     Fahad took January 3 and 4, 2023 off from work. She informed CCHCI she needed the time off because she was "unwell."

16.     On or around the evening of January 4, 2023, Melk requested over instant

message that Fahad perform a site visit of a clinic on January 5, 2023.

17.    Fahad informed Melk that, due to her disability, she would not be able to attend in person on that day, would be utilizing her work from home day, and would visit the clinic on January 6, 2023.

18.    Melk denied Fahad's reasonable accommodation request and terminated her remote work agreement over instant message at or about 9:00 p.m. on January 4, 2023.

19.    Melk did not suggest another reasonable accommodation, request additional information about Fahad's disability or symptoms, or request information about her mental impairment.

20.    On or around January 5, 2023, Fahad provided Melk with medical documentation from her doctor supporting the need for reasonable accommodation.

21.    Melk demanded Fahad provide personal information about her specific disability, which Fahad initially refused.

22.    After the third demand from Melk, Fahad provided him the requested personal information about her disability.

23.    After Fahad provided the additional personal information about her disability and again requested she be permitted to work remotely at least one day per week, Melk stated again her remote work agreement was revoked.

24.    Melk did not suggest another reasonable accommodation.

25.    Other similarly situated non-disabled employees of CCHCI are permitted to work remotely entirely and are not subject to any in-office requirements.

26.    Other similarly situated non-disabled employees of CCHCI are permitted to work remotely at least one-day a week.

27.    Beginning on or about January 6, 2023, and continuing through February 2023, Fahad made numerous complaints to CCHCI's Human Resources Department, including written requests for reasonable accommodation.

28.    Fahad's initial request for accommodation included a letter from her doctor suggesting either some remote work or a reduction in working hours.

29.    CCHCI's HR Department directed Fahad to get a revised doctor note before they would consider her accommodations request.

30.    Fahad reached out to her provider, who sent a revised letter requesting a 32 hour work week where two days per week would be remote.

31.    CCHCI's HR Department denied Fahad's reasonable accommodation request for remote work and failed to engage in an interactive process by refusing to discuss their decision.

32.    After Fahad's complaints, CCHCI changed Fahad's supervisor from Melk, the CEO, to Jessica King ("King"), the Chief of Staff, and Fahad was told to refrain from contacting Melk.

33.    After Fahad's complaints, Melk and King excluded Fahad from meetings, cancelled meetings with her, and undermined her in front of other employees.

34.    Melk's and King's actions continually triggered the symptoms of Fahad's disability.

35.    Fahad complained to HR about her treatment by Melk and King.

36.    CCHCI took no effective corrective action to address Fahad's concerns.

37.    In or around February 2023, Fahad felt compelled to submit her resignation, listing her last day of work as March 3, 2023.

38.    CCHCI's HR changed Fahad's last day of work to February 23, 2023.

39.    In March 2023, Fahad raised concerns to CCHCI's Board of Directors about CCHCI's and Melk's misuse of grant money, improper payment of wages and benefits, improper procurement practices, fiscal mismanagement, security risks, compliance lapses, sex discrimination, and overall mismanagement.

1

## COUNT I

2

### Disability Discrimination, A.R.S. § 41-1461 *et seq.*

3        40.    Plaintiff incorporates the allegations above.

4        41.    Plaintiff has a disability under A.R.S. § 41-1461(5).

5        42.    Defendant subjected Plaintiff to different terms and conditions of employment

6   based on her disability.

7        43.    Defendant failed to provide Plaintiff with reasonable accommodations based

8   on her disability.

9        44.    Defendant constructively discharged Plaintiff.

10       45.    Defendant's stated reasons, if any, for failing to provide Plaintiff with

11  reasonable accommodations for her disability are pretextual.

12       46.    Defendant's discriminatory conduct was deliberate, willful, and performed

13  with reckless disregard for Plaintiff's rights.

14       47.    As a direct and proximate result of Defendant's discriminatory conduct,

15  Plaintiff has suffered financial and emotional damages.

16

## COUNT II

17

### Hostile Work Environment, A.R.S. § 41-1461 *et seq.*

18       48.    Plaintiff incorporates the allegations above.

19       49.    Plaintiff has a disability under A.R.S. § 41-1461(5).

20       50.    Defendant subjected Plaintiff to different terms and conditions of employment

21  based on her disability.

22       51.    Defendant treatment and actions against Plaintiff constitute violations of the

23  Arizona Civil Rights Act, A.R.S. § 41-1463, which prohibit workplace discrimination.

24       52.    Defendant's discriminatory conduct was deliberate, willful, and performed

25  with reckless disregard for Plaintiff's rights.

26

53.     As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered financial and emotional damages, including emotional distress, mental anguish, humiliation and embarrassment, loss of enjoyment of life.

## COUNT III

### Constructive Discharge, A.R.S. § 23-1502

54.     Plaintiff incorporates the allegations above.

55.     Plaintiff's working conditions were objectively difficult or unpleasant to the extent that a reasonable employee would feel compelled to resign.

56.     Plaintiff gave Defendant at least fifteen days' notice that Plaintiff intended to resign because of her working conditions.

57.     Defendant failed to respond to Plaintiff's concerns.

58.     Plaintiff felt compelled to resign because of the objectively difficult or unpleasant working conditions to which she was subjected.

59.     Defendant constructively discharged Fahad.

60.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Katie Fahad respectfully requests:

A.      Compensatory damages for pain and suffering, humiliation, damage to reputation, loss of enjoyment of life and emotional distress in an amount to be proven at trial;

B.      Back pay and front pay in an amount to be proven at trial;

C.      Punitive damages in an amount to be proven at trial;

/ / /

/ / /

6

D.      Attorneys' fees and costs incurred in this lawsuit under A.R.S. § 41-1472; and

E.      Additional relief as the Court deems just.

DATED:  February 15, 2024                    MESCH CLARK ROTHSCHILD


By:   */s/Caitlin G. Lujan*
        Barney M. Holtzman
        Caitlin G. Lujan
        *Attorneys for Plaintiff*

4892-3612-8153, v. 2

Person/Attorney Filing: Caitlin Lujan
Mailing Address: 259 N. Meyer Ave.
City, State, Zip Code: Tucson, AZ 85701
Phone Number: (520)624-8886
E-Mail Address: clujan@mcrazlaw.com
[  ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 038210, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF COCHISE

Katie Fahad
  Plaintiff(s),
v.
Chiricahua Community Health
Centers, Inc.
  Defendant(s).

Case No.   S0200CV202400100

**SUMMONS**

To: Chiricahua Community Health Centers, Inc.

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
    served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an
    Answer in writing with the Court, and you must pay the required filing fee. To file your
    Answer, take or send the papers to Clerk of the Superior Court, PO Drawer CK, Bisbee,
    Arizona 85603 or electronically file your Answer through one of Arizona's approved
    electronic filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
    of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents
    in this case.

3.  If this Summons and the other court papers were served on you within the State of
    Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
    date of service, not counting the day of service. If this Summons and the other court papers
    were served on you outside the State of Arizona, your Answer must be filed within
    THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
    service.

AZturboCourt.gov Form Set #8560966

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  COCHISE

SIGNED AND SEALED this date:*February 15, 2024*

*Amy Hunley*
Clerk of Superior Court

By:*LTUPER*
Deputy Clerk



AZturboCourt.gov Form Set #85610966

2

FILED
Amy Hunley
CLERK, SUPERIOR COURT
02/15/2024  2:08PM
BY: LTUPER
DEPUTY

Case No.: S0200CV202400100
HON. TERRY BANNON

Person/Attorney Filing: Caitlin Lujan
Mailing Address: 259 N. Meyer Ave.
City, State, Zip Code: Tucson, AZ 85701
Phone Number: (520)624-8886
E-Mail Address: clujan@mcrazlaw.com
[ □ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 038210, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF COCHISE

Katie Fahad
Plaintiff(s),
v.
Chiricahua Community Health
Centers, Inc.
Defendant(s).

Case No.

**CERTIFICATE OF
COMPULSORY ARBITRATION**

I certify that I am aware of the dollar limits and any other limitations set forth by the
Local Rules of Practice for the Cochise County Superior Court, and I further certify that
this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of
the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this

By: Caitlin Lujan /s/
Plaintiff/Attorney for Plaintiff

| Attorney or Party without Attorney: | | |
|---|---|---|
| Caitlin G. Lujan, Esq.<br>MESCH CLARK ROTHSCHILD<br>259 N. Meyer Avenue<br>Tucson, AZ 85701<br>*TELEPHONE No.:* (520) 624-8886 | | |
| *Attorney for:* Plaintiff Katie Fahad | | |

*Ref No. or File No.:*
12464-1

**FILED**

FEB 26 2024

AMY J HUNLEY
CLERK OF SUPERIOR COURT
BY ES

*Insert name of Court, and Judicial District and Branch Court:*
IN COCHISE COUNTY SUPERIOR COURT in and for the County of COCHISE

*Petitioner:* Katie Fahad, an individual

*Respondent:* Chiricahua Community Health Centers, Inc., an Arizona corporation

| **CERTIFICATE OF SERVICE** | HEARING DATE: | TIME: | DEPT.: | CASE NUMBER:<br>S0200CV202400100 |
|---|---|---|---|---|

I declare under penalty of perjury under the laws of the State of Arizona that the foregoing is true and correct. At the time of service I was at least 21 years of age and authorized to serve process in this case.

I served copies of the SUMMONS; COMPLAINT; CERTIFICATE OF COMPULSORY ARBITRATION

a. Party served    Chiricahua Community Health Centers, Inc., by service upon its Statatory Agent, Gary McPherran, CPA

b. Person Served    Gary McPherran - Statutory Agent
   Age: 56 - 60 Race: Caucasian  Sex: Male Eyes: Blue Height: 5'7 - 6'0  Weight: 201-220 Lbs Hair: Gray/White

Address where served: 2710 E 7th St
   Douglas, AZ 85607-3579

5.  I served the party
   a.  I personally delivered the documents to the party or person authorized to
      receive service of process for the party (1) on: 2/20/2024    (2) at: 3:11 PM

Person who served papers:



Name:  Daniel Ronnie
County of Pima,  PM-039
177 N. Church Ave. Ste. 1015
Tucson, AZ 85701
(520) 624-9700
www.NationwideLegal.com

The fee for service was: $ 333.80

Date:  February 20, 2024

_____
(Daniel Ronnie)

TUC88420

FILED
Amy Hunley
CLERK, SUPERIOR COURT
03/11/2024  3:39PM
BY: ANMORENO
DEPUTY

1  Gordon Lewis, Bar #015162
Stephanie Baldwin
2  JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
3  Phoenix, Arizona 85004
Telephone:  (602) 263-4479
4  Fax:  (602) 200-7897
glewis@jshfirm.com
5  minuteentries@jshfirm.com

6  Attorneys for Defendant Chiricahua
Community Health Centers, Inc

7

8  ## SUPERIOR COURT OF THE STATE OF ARIZONA

## COUNTY OF COCHISE

9

10 | KATIE FAHAD, an individual , | NO. S0200 CV202400100 |

11                             Plaintiff,  **DEFENDANT CHIRICAHUA
COMMUNITY HEALTH CENTERS'
ANSWER TO PLAINTIFF'S COMPLAINT**

12        v.

13 CHIRICAHUA COMMUNITY HEALTH   (Assigned to the Honorable Terry Bannon)
CENTERS, INC., an Arizona corporation ,

14                             Defendant.

15

16         Defendant Chiricahua Community Health Centers (CCHCI) for its Answer to

17 Plaintiff's Complaint, admits, denies and alleges as follows:

18         1.    CCHCI denies each and every allegation not specifically admitted in this

19 Answer.

20                 **PARTIES, JURISDICTION, AND VENUE**

21

22         2.    Answering Paragraph 1 of Plaintiff's Complaint, CCHCI admits only that

23 Plaintiff was employed as the Director of Health Center Operations for CCHCI in Arizona.

CCHCI is without knowledge or information sufficient to form a belief as to the truth of the

116765532.1

remaining allegations in Paragraph 1 of Plaintiff's Complaint, and therefore denies same and demands strict proof thereof.

3.      CCHCI admits the allegations contained in Paragraphs 2, 3, 4 and 5 of Plaintiff's Complaint.

4.      CCHCI is without knowledge or information sufficient to form belief as to the truth of the allegation contained in Paragraph 6 of Plaintiff's Complaint, and therefore denies same and demands strict proof thereof.

5.      Answering Paragraph 7 of Plaintiff's Complaint, CCHCI admits only that venue is proper in this Court.

6.      Answering Paragraph 8 of Plaintiff's Complaint, CCHCI admits only that the matter is not eligible for assignment to compulsory arbitration.

7.      CCHCI is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 9 of Plaintiff's Complaint, and therefore denies same and demands strict proof thereof.

## **GENERAL ALLEGATIONS**

8.      CCHCI admits the allegations contained in Paragraphs 10 and 11 of Plaintiff's Complaint.

9.      CCHCI denies the allegations contained in Paragraphs 12 and 13 of Plaintiff's Complaint.

10.     Answering Paragraph 14 of Plaintiff's Complaint, CCHCI admits only that Dr. Melk supervised Plaintiff the first eight (8) days of January, 2023.

11.     Answering Paragraph 15 of Plaintiff's Complaint, CCHCI admits only that Plaintiff took off from work on January 3 and January 4, 2023.

12.     Answering Paragraphs 16, 17 and 18 of Plaintiff's Complaint, CCHCI denies that Plaintiff disclosed a disability, and denies that Dr. Melk denied a reasonable accommodation

2

for Plaintiff's alleged disability.   CCHCI admits that Dr. Melk asked Plaintiff to work on site at the Benson clinic, CCHCI affirmatively asserts that a CCHCI Benson clinic employee was critically injured in an automobile accident following work at CCHCI on December 30, 2022, from which she subsequently died.  Health center staff expressed varying degrees of shock and grief.  CCHCI leadership believed that members of the leadership team should be physically present at the Benson clinic during this time to support Benson staff, including Plaintiff, who was the supervisor of the Benson Clinic Administrator who had requested time off to grieve. Dr. Melk asked Plaintiff if she would be physically present as an Administrator at the Benson Clinic on January 5, 2023, because Plaintiff had indicated that she would be returning that day, and the Benson Clinic would not have an Administrator on the premises. Plaintiff wrote Dr. Melk the evening of January 4, 2023, stating that she would not go to the Benson Clinic and instead planned to work from home. Dr. Melk disapproved Plaintiff's request to work remotely because of the need for leadership personnel to be physically present in support of the Benson staff during this difficult time. Plaintiff indicated that she would take PTO rather than work remotely, and Dr. Melk approved Plaintiff's PTO request. At no time during this exchange did Plaintiff indicate that she was disabled or that she was requesting the ability to work remotely as an accommodation for a disability.

13.    CCHCI denies the allegations contained in Paragraphs 19, 20, 21, 22, 23, 24, 25 and 26 of Plaintiff's Complaint.

14.    Answering Paragraph 27 of Plaintiff's Complaint, CCHCI admits only that Plaintiff raised issues with the CCHCI's Human Resources Department and made written request for reasonable accommodation.

15.    CCHCI admits the allegation contained in Paragraph 28 of Plaintiff's Complaint

116765532.1

16.   Answering Paragraph 29 of Plaintiff's Complaint, CCHCI admits only that it asked Plaintiff to provide more specific information on her restrictions and request.

17.   Answering Paragraph 30 of Plaintiff's Complaint, CCHCI admits only that it received a letter from Plaintiff's healthcare provider suggesting a 32 hour workweek with 2 of those days being remote for 6 weeks.

18.   CCHCI denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

19.   In answering Paragraph 32 of Plaintiff's Complaint, CCHCI admits only that Plaintiff's supervisor changed from Dr. Melk to Jessica King.

20.   CCHCI denies the allegations contained in Paragraphs 33 and 34 of Plaintiff's Complaint.

21.   CCHCI admits the allegation contained in Paragraph 35 of Plaintiff's Complaint.

22.   CCHCI denies the allegation contained in Paragraph 36 of Plaintiff's Complaint.

23.   In answering Paragraph 37 of Plaintiff's Complaint, CCHCI admits only that Plaintiff submitted a letter of resignation on February 17, 2023, where she resigned her position effective March 3, 2023.

24.   CCHCI denies the allegation contained in Paragraph 38 of Plaintiff's Complaint.

25.   CCHCI moves to strike the allegation contained in Paragraph 39 of Plaintiff's Complaint as immaterial and unrelated to the matters as issued in the lawsuit. The allegations in Paragraph 39 of Plaintiff's Complaint are included only for the purpose of inflammation and embarrassment. CCHCI denies that it or Dr. Melk has engaged in misuse of grant money,

improper payments of wages and benefits, improper procurement practices, improper fiscal management, security risk, compliance lapses, sex discrimination or overall mismanagement.

## COUNT I
### Disability Discrimination, A.R.S. § 41-1461 et. seq.

26.     Answering Paragraph 40 of Plaintiff's Complaint, CCHCI incorporates its answers to Paragraphs 1-39 of Plaintiff's Complaint as though fully set forth herein.

27.     CCHCI is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 41 of Plaintiff's Complaint, and therefore denies same and demands strict proof thereof.

28.     CCHCI denies the allegations contained in Paragraphs 42, 43, 44, 45, 46 and 47 of Plaintiff's Complaint.

## COUNT II
### Hostile Work Environment, A.R.S. § 41-1461 et seq.

29.     Answering Paragraph 48 of Plaintiff's Complaint, CCHCI incorporates its answers to Paragraphs 1 through 47 of Plaintiff's Complaint as though fully set forth herein.

30.     CCHCI is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 49 of Plaintiff's Complaint, and therefore denies same and demands strict proof thereof.

31.     CCHCI denies the allegations contained in Paragraphs 50, 51, 52 and 53 of Plaintiff's Complaint.

## COUNT III
### Constructive Discharge, A.R.S. § 23-1502

32.     In answering Paragraph 54 of Plaintiff's Complaint, CCHCI incorporates its answers to Paragraphs 1 through 53 of Plaintiff's Complaint as though fully set forth herein.

33.     CCHCI denies the allegations contained in Paragraphs 55, 56, 57, 57, 58, 59 and 60 of Plaintiff's Complaint.

116765532.1

## AFFIRMATIVE DEFENSES

1. As a first affirmation defense, CCHCI asserts that it maintains a policy prohibiting discrimination and harassment in the workplace and Plaintiff failed to avail herself of that policy in addressing her concerns.

2. As a further affirmative defense, and in the alternative, CCHCI asserts that it possessed legitimate, non-discriminatory reasons for any alleged adverse actions it took against Plaintiff.

3. As a further affirmative defense, and in the alternative, CCHCI asserts that Plaintiff failed to inform CCHCI that she believed she was compelled to resign as a product of unlawful discrimination as required to advance the claim of Constructive Discharge under A.R.S. §23-1502.

4. As a further affirmative defense, and in the alternative, CCHCI asserts that Plaintiff failed to mitigate her damages.

5. CCHCI reserves the right to assert additional 8(c) affirmative defenses as such become known through discovery.

WHEREFORE, having fully answers Plaintiff's First Complaint, CCHCI prays that Plaintiff's Complaint be dismissed, that Plaintiff take nothing thereby, and that CCHCI receive its costs in defending the matter and its attorneys' fees in defense of the matter pursuant to A.R.S. §12-341.01, 12-349 and 41-1472.

116765532.1

DATED this 11th day of March, 2024.

JONES, SKELTON & HOCHULI P.L.C.


By /s/ Gordon Lewis
    Gordon Lewis
    Stephanie Baldwin
    40 N. Central Avenue, Suite 2700
    Phoenix, Arizona 85004
    Attorneys for Defendant Chiricahua Community
    Health Centers, Inc

ORIGINAL of the foregoing electronically filed
this 11th day of March, 2024.

COPY of the foregoing mailed/e-mailed
this 11th  day of March, 2024, to:

Barney M. Holtzman #016554
Caitlin G. Lujan #038210
MESCH CLARK ROTHSCHILD
259 North Meyer Avenue
Tucson, Arizona 85701
bholtzman@mcrazlaw.com
clujan@mcrazlaw.com
ecfpima@mcrazlaw.com
Attorneys for Plaintiff Fahad



 /s/ Megan Axlund

116765532.1

FILED
Amy Hunley
CLERK, SUPERIOR COURT
03/11/2024  3:32PM
BY: ANMORENO
DEPUTY

1  Gordon Lewis, Bar #015162
   JONES, SKELTON & HOCHULI P.L.C.
2  40 N. Central Avenue, Suite 2700
   Phoenix, Arizona 85004
3  Telephone:  (602) 263-4479
   Fax:  (602) 200-7897
4  glewis@jshfirm.com
   minuteentries@jshfirm.com
5
   Attorneys for Defendant CHIRICAHUA
6  COMMUNITY HEALTH CENTERS, INC

7              **SUPERIOR COURT OF THE STATE OF ARIZONA**

8                         **COUNTY OF COCHISE**

9  KATIE FAHAD, an individual ,              NO. S0200 CV202400100

10                              Plaintiff,   **DEFENDANT CERTIFICATE OF**
                                             **AGREEMENT REGARDING**
11          v.                               **COMPULSORY ABRITRATION**

12  CHIRICAHUA COMMUNITY HEALTH              (Assigned to the Honorable Terry Bannon)
    CENTERS, INC., an Arizona corporation ,
13
                              Defendant.
14

15
              Defendants, by and through counsel undersigned, hereby notify the Court that they
16
   agree with Plaintiffs' Certificate of Compulsory Arbitration and this case ***is not*** subject to
17
   compulsory arbitration as provided by Rules 72 through 76 of the Arizona Rules of Civil
18
   Procedure.
19
   / / /
20 / / /
   / / /
21 / / /
   / / /
22 / / /
   / / /
23 / / /
   / / /
   / / /

116777225.1

DATED this 11th day of March, 2024.

JONES, SKELTON & HOCHULI P.L.C.

By /s/ Gordon Lewis

Gordon Lewis
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Attorneys for Defendant CHIRICAHUA
COMMUNITY HEALTH CENTERS, INC

ORIGINAL of the foregoing electronically filed
this 11th day of March, 2024.

COPY of the foregoing mailed/e-mailed
this 11th day of March, 2024, to:

Barney M. Holtzman #016554
Caitlin G. Lujan #038210
MESCH CLARK ROTHSCHILD
259 North Meyer Avenue
Tucson, Arizona 85701
bholtzman@mcrazlaw.com
clujan@mcrazlaw.com
ecfpima@mcrazlaw.com
Attorneys for Plaintiff Fahad


/s/ Megan Axlund

116777225.1

FILED
Amy Hunley
CLERK, SUPERIOR COURT
03/25/2024  3:35PM
BY: TMARQUEZ
DEPUTY

## COCHISE COUNTY SUPERIOR COURT

## OFFICE OF THE COURT ADMINISTRATOR

| | ORDER: | CASE NO: |
|---|---|---|
| KATIE FAHAD,<br>                              Plaintiff(s),<br>Vs.<br><br>CHIRICAHUA COMMUNITY<br>HEALTH CENTERS, INC.,<br>                              Defendant(s). | REASSIGNMENT<br>OF JUDGE | CV202400100 |

Pursuant to Administrative Order No. 2023-003, In Re: Regular and Special Assignments of Judges, the HONORABLE TERRY BANNON recuses itself from this case, AND a referral to the Court Administrator's office for reassignment,

This case is reassigned to **HONORABLE JOHN F. KELLIHER, JR., Division Two**, for all further proceedings.

Previous Divisions:  VI (TB-Recusal)

DATED: 03/25/2024

xc:    Barney M. Holtzman, Esq., bholtzman@mcrazlaw.com
       Caitlin G. Lujan, Esq., clujan@mcrazlaw.com
       Division Two, decollins@courts.az.gov
       Court Admin/Case Mgmt. Div., courtservices@cochise.az.gov

FILED
Amy Hunley
CLERK, SUPERIOR COURT
11/22/2024  2:25PM
BY: CCHAVIRA
DEPUTY

1
2
3
4
5

MESCH CLARK ROTHSCHILD
259 North Meyer Avenue
Tucson, Arizona 85701
Phone: (520) 624-8886
Fax:    (520) 798-1037
Email: bholtzman@mcrazlaw.com
        ecfpima@mcrazlaw.com

6
7

By:    Barney M. Holtzman, #016554
            12464-1

8

*Attorneys for Plaintiff*

9

**ARIZONA SUPERIOR COURT**

10

**COCHISE COUNTY**

11
12

| KATIE FAHAD, an individual, | No.  S0200CV202400100 |
|---|---|
| Plaintiff, | **STIPULATION FOR FILING OF AMENDED COMPLAINT** |
| vs. | |
| CHIRICAHUA COMMUNITY HEALTH CENTERS, INC., an Arizona corporation, | (Assigned to Hon. John F. Kelliher, Jr.) |
| Defendant. | |

19
20
21
22

        Pursuant to Rule 15(a)(2), Ariz. R. Civ. P., Plaintiff Katie Fahad and Defendant Chiricahua Community Health Centers, Inc. stipulate to the filing of the attached Amended Complaint.

23
24
25
26

1
2

DATED:  November 22, 2024

MESCH CLARK ROTHSCHILD

3

By: */s/ Barney M. Holtzman*
    Barney M. Holtzman
    *Attorneys for Plaintiff*

4
5
6

DATED:  November 22, 2024

JONES, SKELTON & HOCHULI P.L.C.

7
8

By: */s/ Gordon Lewis (with permission)*
    Gordon Lewis
    Stephanie Baldwin
    *Attorneys for Defendant*

9
10
11
12

Original filed with AZ TurboCourt and copies sent by e-mail on this 22nd day of November, 2024, to:

13
14
15

Gordon Lewis
Stephanie Baldwin
Jones, Skelton & Hochuli P.L.C.
40 N. Central Avenue
Suite 2700
Phoenix, AZ 85004
glewis@jshfirm.com
sbaldwin@jshfirm.com
minuteentries@jshfirm.com
*Attorneys for Defendant*

16
17
18
19
20
21
22
23

By: */s/ Lollie Hannigan*

24
25
26

2

FILED
Amy Hunley
CLERK, SUPERIOR COURT
12/02/2024 10:53AM
BY: MRODRIGUEZ
DEPUTY

MESCH CLARK ROTHSCHILD
259 North Meyer Avenue
Tucson, Arizona 85701
Phone: (520) 624-8886
Fax:    (520) 798-1037
Email: bholtzman@mcrazlaw.com
        ecfpima@mcrazlaw.com

By:    Barney M. Holtzman, #016554
           12464-1

*Attorneys for Plaintiff*

## ARIZONA SUPERIOR COURT

## COCHISE COUNTY

| | |
|---|---|
| KATIE FAHAD, an individual, | No.  S0200CV202400100 |
| Plaintiff, | **(PROPOSED) ORDER GRANTING STIPULATION TO FILE AMENDED COMPLAINT** |
| vs. | |
| CHIRICAHUA COMMUNITY HEALTH CENTERS, INC., an Arizona corporation, | (Assigned to Hon. John F. Kelliher, Jr.) |
| Defendant. | |

This Court having considered the Stipulation for Filing of Amended Complaint, and for good cause shown,

**IT IS HEREBY ORDERED** granting the stipulation and ordering the clerk to file the Amended Complaint.

eSigned by JOHN F. KELLIHER, JR  12/02/2024 10:30:02 5AAWObPt

FILED
Amy Hunley
CLERK, SUPERIOR COURT
12/06/2024 12:28PM
BY: RPORTER
DEPUTY

1  MESCH CLARK ROTHSCHILD
2  259 North Meyer Avenue
3  Tucson, Arizona 85701
   Phone: (520) 624-8886
4  Fax:    (520) 798-1037
   Email: bholtzman@mcrazlaw.com
5          ecfpima@mcrazlaw.com

6  By:    Barney M. Holtzman, #016554
7              12464-1

8  *Attorneys for Plaintiff*

9              **ARIZONA SUPERIOR COURT**

10             **COCHISE COUNTY**

11

12 | KATIE FAHAD, an individual,              | No.  S0200CV202400100
13 |                          Plaintiff,      | **NOTICE OF FILING AMENDED**
14 | vs.                                      | **COMPLAINT NUNC PRO TUNC**
15 | CHIRICAHUA COMMUNITY HEALTH              |
16 | CENTERS, INC., an Arizona corporation,   | (Assigned to Hon. John F. Kelliher, Jr.)
17 |                          Defendant.      |
18

19

20         Notice is given that Plaintiff files its Amended Complaint, *nunc pro tunc* as of

21 November 22, 2024, the date the Amended Complaint was submitted to the Court with the

22 written consent of all opposing parties who had appeared in the action. *See* Rule 15(a)(2),

23 Ariz. R. Civ. P.; Order Granting Stipulation to File Amended Complaint signed on December

24 2, 2024.

25

26         ///

1    RESPECTUFLLY December 6, 2024

2                                                    MESCH CLARK ROTHSCHILD

3
                                                     By:___*/s/ Barney M. Holtzman*___
4                                                           Barney M. Holtzman
                                                          *Attorneys for Plaintiff*
5

6    Original filed with AZ TurboCourt and
     copies sent by e-mail on this 6th day
7    of December, 2024 to:

8
     Gordon Lewis
9    Stephanie Baldwin
     Jones, Skelton & Hochuli P.L.C.
10   40 N. Central Avenue
     Suite 2700
11   Phoenix, AZ 85004
     glewis@jshfirm.com
12   sbaldwin@jshfirm.com
     minuteentries@jshfirm.com
13
14   *Attorneys for Defendant*

15
16   By:*/s/ Lollie Hannigan*

17

18

19

20

21

22

23

24

25

26

                                   2

FILED
Amy Hunley
CLERK, SUPERIOR COURT
12/06/2024 12:25PM
BY: RPORTER
DEPUTY

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MESCH CLARK ROTHSCHILD
259 North Meyer Avenue
Tucson, Arizona 85701
Phone: (520) 624-8886
Fax:     (520) 798-1037
Email: bholtzman@mcrazlaw.com
          ecfpima@mcrazlaw.com

By:     Barney M. Holtzman, #016554
          12464-1

*Attorneys for Plaintiff*

**ARIZONA SUPERIOR COURT**

**COCHISE COUNTY**

| | |
|---|---|
| KATIE FAHAD, an individual, | No.  CV202400100 |
| Plaintiff, | **AMENDED COMPLAINT** |
| vs. | |
| CHIRICAHUA COMMUNITY HEALTH CENTERS, INC., an Arizona corporation, | (Jury Trial Requested) |
| | (Assigned to Hon. John F. Kelliher, Jr.) |
| Defendant. | |

For her complaint, Plaintiff Katie Fahad ("Fahad") alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

     1.     Plaintiff Katie Fahad is a resident of Cochise County, Arizona and at all relevant times had been the Director of Health Center Operations in the employment of Defendant Chiricahua Community Health Centers, Inc. ("CCHCI") in Arizona.

     2.     Defendant CCHCI is a non-profit corporation doing business in Cochise County, Arizona.

3.      This Court has jurisdiction over this matter as all relevant events occurred in Cochise County.

4.      At all relevant times, Fahad was an "employee" of Defendant as defined by A.R.S. § 41-1461 and 42 U.S.C. §12111(4).

5.      At all relevant times, CCHCI was an employer of Fahad as defined by A.R.S. § 41-1461 and 42 U.S.C. §12111(5).

6.      Fahad is a qualified individual with a disability under A.R.S. § 41-1461 and 42 U.S.C. §12111(8).

7.      Venue is proper in this Court under A.R.S. § 12-401.

8.      This is a Tier 2 case under Rule 26.2(b), Ariz. R. Civ. P., and is not eligible for assignment to compulsory arbitration.

9.      Plaintiff has exhausted her administrative remedies and has timely brought this action.

## GENERAL ALLEGATIONS

10.     In or around February 2022, Fahad began her employment with CCHCI as the Director of Health Center Operations.

11.     Beginning in or around April 2022, Fahad was given a remote work agreement by CCHCI.

12.     The remote work agreement did not have an expiration date and permitted Fahad to work from home once per week.

13.     Fahad performed her work, at least satisfactorily, between April 2022 and January 2023.

14.     In January 2023, CCHCI's CEO Jonathan Melk ("Melk") was Fahad's direct supervisor.

15.     Fahad took January 3 and 4, 2023 off from work. She informed CCHCI she needed the time off because she was "unwell."

2

16.     On or around the evening of January 4, 2023, Melk requested over instant message that Fahad perform a site visit of a clinic on January 5, 2023.

17.     Fahad informed Melk that, due to her disability, she would not be able to attend in person on that day, would be utilizing her work from home day, and would visit the clinic on January 6, 2023.

18.     Melk denied Fahad's reasonable accommodation request and terminated her remote work agreement over instant message at or about 9:00 p.m. on January 4, 2023.

19.     Melk did not suggest another reasonable accommodation, request additional information about Fahad's disability or symptoms, or request information about her mental impairment.

20.     On or around January 5, 2023, Fahad provided Melk with medical documentation from her doctor supporting the need for reasonable accommodation.

21.     Melk demanded Fahad provide personal information about her specific disability, which Fahad initially refused.

22.     After the third demand from Melk, Fahad provided him the requested personal information about her disability.

23.     After Fahad provided the additional personal information about her disability and again requested she be permitted to work remotely at least one day per week, Melk stated again her remote work agreement was revoked.

24.     Melk did not suggest another reasonable accommodation.

25.     Other similarly situated non-disabled employees of CCHCI are permitted to work remotely entirely and are not subject to any in-office requirements.

26.     Other similarly situated non-disabled employees of CCHCI are permitted to work remotely at least one-day a week.

27.     Beginning on or about January 6, 2023, and continuing through February 2023, Fahad made numerous complaints to CCHCI's Human Resources Department,

including written requests for reasonable accommodation.

28.     Fahad's initial request for accommodation included a letter from her doctor suggesting either some remote work or a reduction in working hours.

29.     CCHCI's HR Department directed Fahad to get a revised doctor note before they would consider her accommodations request.

30.     Fahad reached out to her provider, who sent a revised letter requesting a 32-hour work week where two days per week would be remote.

31.     CCHCI's HR Department denied Fahad's reasonable accommodation request for remote work and failed to engage in an interactive process by refusing to discuss their decision.

32.     After Fahad's complaints, CCHCI changed Fahad's supervisor from Melk, the CEO, to Jessica King ("King"), the Chief of Staff, and Fahad was told to refrain from contacting Melk.

33.     After Fahad's complaints, Melk and King excluded Fahad from meetings, cancelled meetings with her, and undermined her in front of other employees.

34.     Melk's and King's actions continually triggered the symptoms of Fahad's disability.

35.     Fahad complained to HR about her treatment by Melk and King.

36.     CCHCI took no effective corrective action to address Fahad's concerns.

37.     In or around February 2023, Fahad felt compelled to submit her resignation, listing her last day of work as March 3, 2023.

38.     CCHCI's HR changed Fahad's last day of work to February 23, 2023.

39.     In March 2023, Fahad raised concerns to CCHCI's Board of Directors about CCHCI's and Melk's misuse of grant money, improper payment of wages and benefits, improper procurement practices, fiscal mismanagement, security risks, compliance lapses, sex discrimination, and overall mismanagement.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## **COUNT I**

### **Disability Discrimination**
### **A.R.S. § 41-1461 *et seq.* and 42 U.S.C. §12101 *et seq.***

40.    Plaintiff incorporates the allegations above.

41.    Plaintiff has a disability under A.R.S. § 41-1461(5) and 42 U.S.C. §12102.

42.    Defendant subjected Plaintiff to different terms and conditions of employment based on her disability.

43.    Defendant failed to provide Plaintiff with reasonable accommodations based on her disability.

44.    Defendant constructively discharged Plaintiff.

45.    Defendant's stated reasons, if any, for failing to provide Plaintiff with reasonable accommodations for her disability are pretextual.

46.    Defendant's discriminatory conduct was deliberate, willful, and performed with reckless disregard for Plaintiff's rights.

47.    As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered financial and emotional damages.

## **COUNT II**

### **Hostile Work Environment**
### **A.R.S. § 41-1461 *et seq.* and 42 U.S.C. §12101 *et seq.***

48.    Plaintiff incorporates the allegations above.

49.    Plaintiff has a disability under A.R.S. § 41-1461(5) and 42 U.S.C. §12102.

50.    Defendant subjected Plaintiff to different terms and conditions of employment based on her disability.

5

51.    Defendant treatment and actions against Plaintiff constitute violations of the Arizona Civil Rights Act, A.R.S. § 41-1463, and the Americans with Disabilities Act, 42 U.S.C. §12112, which prohibit workplace discrimination.

52.    Defendant's discriminatory conduct was deliberate, willful, and performed with reckless disregard for Plaintiff's rights.

53.    As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered financial and emotional damages, including emotional distress, mental anguish, humiliation and embarrassment, loss of enjoyment of life.

<b>COUNT III</b>

<b>Constructive Discharge, A.R.S. § 23-1502</b>

54.    Plaintiff incorporates the allegations above.

55.    Plaintiff's working conditions were objectively difficult or unpleasant to the extent that a reasonable employee would feel compelled to resign.

56.    Plaintiff gave Defendant at least fifteen days' notice that Plaintiff intended to resign because of her working conditions.

57.    Defendant failed to respond to Plaintiff's concerns.

58.    Plaintiff felt compelled to resign because of the objectively difficult or unpleasant working conditions to which she was subjected.

59.    Defendant constructively discharged Fahad.

60.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages.

<b>PRAYER FOR RELIEF</b>

WHEREFORE, Plaintiff Katie Fahad respectfully requests:

      A.    Compensatory damages for pain and suffering, humiliation, damage to reputation, loss of enjoyment of life and emotional distress in an amount to be proven at trial;

B.    Back pay and front pay in an amount to be proven at trial;

C.    Punitive damages in an amount to be proven at trial;

D.    Attorneys' fees and costs incurred in this lawsuit under A.R.S. §§ 12-341 & 41-1472 and 42 U.S.C. § 2000e; and

E.    Additional relief as the Court deems just.

DATED:  November 22, 2024              MESCH CLARK ROTHSCHILD

                                       By: /s/ Barney M. Holtzman
                                           Barney M. Holtzman
                                           *Attorneys for Plaintiff*

Original filed with AZ TurboCourt and copies sent by e-mail on this 22nd day of November, 2024, to:

Gordon Lewis
Stephanie Baldwin
Jones, Skelton & Hochuli P.L.C.
40 N. Central Avenue
Suite 2700
Phoenix, AZ 85004
glewis@jshfirm.com
sbaldwin@jshfirm.com
minuteentries@jshfirm.com
*Attorneys for Defendant*

By: /s/ Lollie Hannigan

7

EXHIBIT C

1  Gordon Lewis, Bar #015162
   Stephanie Baldwin #036897
2  JONES, SKELTON & HOCHULI P.L.C.
   40 N. Central Avenue, Suite 2700
3  Phoenix, Arizona 85004
   Telephone:  (602) 263-4479
4  Fax:  (602) 200-7897
   glewis@jshfirm.com
5  sbaldwin@jshfirm.com
   minuteentries@jshfirm.com
6
   Attorneys for Defendant Chiricahua
7  Community Health Centers, Inc

8              **SUPERIOR COURT OF THE STATE OF ARIZONA**

9                      **COUNTY OF COCHISE**

10 | KATIE FAHAD, an individual , | NO. S0200 CV202400100 |
   |---|---|
11 | Plaintiff, | **NOTICE OF FILING NOTICE OF REMOVAL** |
12 | v. | |
13 | CHIRICAHUA COMMUNITY HEALTH CENTERS, INC., an Arizona corporation , | (Assigned to the Honorable John F. Kelliher, Jr.) |
14 | | |
15 | Defendant. | |

16

17         Defendant Chiricahua Community Health Centers, INC., pursuant to 28 U.S.C. §

18 1331, 1441, and 1446 hereby notify this Court that a Notice of Removal of this action to the United

19 States District Court of Arizona was filed this same date. A copy of the Notice of Removal

20 (exclusive of exhibits) is attached as **Exhibit A.**

21

22

23

117853753.1

DATED this 13th day of December, 2024.

JONES, SKELTON & HOCHULI P.L.C.


By /s/ Stephanie D. Baldwin
      Gordon Lewis
      Stephanie Baldwin
      40 N. Central Avenue, Suite 2700
      Phoenix, Arizona 85004
      Attorneys for Defendant Chiricahua Community
      Health Centers, Inc

ORIGINAL of the foregoing electronically filed
this 13th day of December, 2024.

COPY of the foregoing mailed/e-mailed
this 13th day of December, 2024, to:

Barney M. Holtzman #016554
Caitlin G. Lujan #038210
MESCH CLARK ROTHSCHILD
259 North Meyer Avenue
Tucson, Arizona 85701
bholtzman@mcrazlaw.com
clujan@mcrazlaw.com
ecfpima@mcrazlaw.com
Attorneys for Plaintiff Fahad


/s/ Gail Hardin

117853753.1