Gordon Lewis, Bar #015162
Stephanie D. Baldwin, Bar #036897
JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-4432
Fax: (602) 651-7588
glewis@jshfirm.com
sbaldwin@jshfirm.com

Attorneys for Defendant Chiricahua
Community Health Centers, Inc.

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Katie Fahad, an individual, <br><br> Plaintiff, <br><br> v. <br><br> Chiricahua Community Health Centers, Inc., an Arizona corporation, <br><br> Defendant. | No. 4:24-cv-00598-JR <br><br> **Defendant's Answer to First Amended Complaint** |

Defendant Chiricahua Community Health Centers (CCHCI) for its Answer to Plaintiff's First Amended Complaint, admits, denies and alleges as follows:

1.  CCHCI denies each and every allegation not specifically admitted in this Answer.

### PARTIES, JURISDICTION, AND VENUE

2.  Answering Paragraph 1 of Plaintiff's First Amended Complaint, CCHCI admits only that Plaintiff was employed as the Director of Health Center Operations for CCHCI in Arizona. CCHCI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 of Plaintiff's First Amended Complaint, and therefore denies same and demands strict proof thereof.

117864683.1

3. CCHCI admits the allegations contained in Paragraphs 2, 3, 4 and 5 of Plaintiff's First Amended Complaint.

4. CCHCI is without knowledge or information sufficient to form belief as to the truth of the allegation contained in Paragraph 6 of Plaintiff's First Amended Complaint, and therefore denies same and demands strict proof thereof.

5. Answering Paragraph 7 of Plaintiff's First Amended Complaint, CCHCI admits only that venue is proper in this Court.

6. Answering Paragraph 8 of Plaintiff's First Amended Complaint, CCHCI admits only that the matter is not eligible for assignment to compulsory arbitration.

7. CCHCI is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 9 of Plaintiff's First Amended Complaint, and therefore denies same and demands strict proof thereof.

## GENERAL ALLEGATIONS

8. CCHCI admits the allegations contained in Paragraphs 10 and 11 of Plaintiff's First Amended Complaint.

9. CCHCI denies the allegations contained in Paragraphs 12 and 13 of Plaintiff's First Amended Complaint.

10. CCHCI admits the allegations contained in Paragraph 14 of Plaintiff's First Amended Complaint.

11. Answering Paragraph 15 of Plaintiff's First Amended Complaint, CCHCI admits only that Plaintiff took off from work on January 3 and January 4, 2023.

12. Answering Paragraph 16, 17 and 18 of Plaintiff's First Amended Complaint, CCHCI denies that Dr. Melk asked Plaintiff to perform a site visit, denies that Plaintiff disclosed a disability, and denies that Dr. Melk denied a reasonable accommodation for Plaintiff's alleged disability. CCHCI affirmatively asserts that the CCHCI Benson office experienced a tragic death of a staff member, and the CCHCI

leadership believed that members of the leadership team should be present physically present at the Benson clinic in this time to support Benson the staff. Dr. Melk asked Plaintiff if she would be physically present as an Administrator at the Benson Clinic on January 5, 2023, because Plaintiff had indicated that she would be returning that day, and the Benson Clinic would not have an Administrator on the premises. Plaintiff wrote Dr. Melk the evening of January 4, stating that she would not go to the Benson Clinic and instead planned to work from home. Dr. Melk disapproved Plaintiff's request's work remotely because of the need for leadership personnel to be physically present in support of the Benson staff during this difficult time. Plaintiff indicated that she would take PTO rather than work remotely, and Dr. Melk approved Plaintiff's PTO request. At no time during this exchange did Plaintiff indicate that she was disabled or that she was requesting the ability to work remotely as an accommodation for a disability.

13. CCHCI denies the allegations contained in Paragraph 19, 20, 21, 22, 23, 24, 25 and 26 of Plaintiff's First Amended Complaint.

14. Answering Paragraph 27 of Plaintiff's First Amended Complaint, CCHCI admits only that Plaintiff raised the issues with the CCHCI's Human Resources Department and made written request for reasonable accommodation.

15. CCHCI admits the allegation contained in Paragraph 28 of Plaintiff's First Amended Complaint.

16. CCHCI denies the allegations contained in Paragraph 29 of Plaintiff's First Amended Complaint.

17. Answering Paragraph 30 of Plaintiff's Amended Complaint, CCHCI admits only that it received a letter from Plaintiff's healthcare provider suggesting a 32 hour workweek with 2 of those days being remote for 6 weeks.

18. CCHCI denies the allegations contained in Paragraph 31 of Plaintiff's First Amended Complaint.

117864683.1

19. In answering Paragraph 32 of Plaintiff's First Amended Complaint, CCHCI admits only that Plaintiff's supervisor changed from Dr. Melk to Jessica King.

20. CCHCI denies the allegations contained in Paragraphs 33 and 34 of Plaintiff's First Amended Complaint.

21. CCHCI admits the allegation contained in Paragraph 35 of Plaintiff's First Amended Complaint.

22. CCHCI denies the allegation contained in Paragraph 36 of Plaintiff's First Amended Complaint.

23. In answering Paragraph 37 of Plaintiff's First Amended Complaint, CCHCI admits only that Plaintiff submitted a letter of resignation on February 17, 2023, where she resigned her position effective March 3, 2023.

24. CCHCI denies the allegation contained in Paragraph 38 of Plaintiff's First Amended Complaint.

25. CCHCI moves to strike the allegation contained in Paragraph 39 of Plaintiff's First Amended Complaint as immaterial and unrelated to the matters as issued in the lawsuit. The allegations in Paragraph 39 of Plaintiff's Complaint are included only for purpose of inflammation and embarrassment. CCHCI denies that it or Dr. Melk has engaged in misuse of grant money, improper payments of wages and benefits, improper procurement practices, improper fiscal management, security risk, compliance lapses, sex discrimination or overall mismanagement.

## COUNT I
### Disability Discrimination,
### A.R.S. § 41-1461 *et seq.* and 42 U.S.C. §12101 *et seq.*

26. Answering Paragraph 40 of Plaintiff's First Amended Complaint, CCHCI incorporates its answers to Paragraphs 1-39 of Plaintiff's First Amended Complaint as though fully set forth herein.

117864683.1

27. CCHCI is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 41 of Plaintiff's First Amended Complaint, and therefore denies same and demands strict proof thereof.

28. CCHCI denies the allegations contained in Paragraphs 42, 43, 44, 45, 46 and 47 of Plaintiff's First Amended Complaint.

## COUNT II
### Hostile Work Environment
### A.R.S. § 41-1461 *et seq.* and 42 U.S.C. §12101 *et seq*

29. Answering Paragraph 48 of Plaintiff's First Amended Complaint, CCHCI incorporates its answers to Paragraphs 1 through 47 of Plaintiff's First Amended Complaint as though fully set forth herein.

30. CCHCI is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 49 of Plaintiff's First Amended Complaint, and therefore denies same and demands strict proof thereof.

31. CCHCI denies the allegations contained in Paragraph 50, 51, 52 and 53 of Plaintiff's First Amended Complaint.

## COUNT III
### Constructive Discharge, A.R.S. § 23-1502
.

32. In answering Paragraph 54 of Plaintiff's First Amended Complaint, CCHCI incorporates its answers to Paragraphs 1 through 53 of Plaintiff's First Amended Complaint as though fully set forth herein.

33. CCHCI denies the allegations contained in Paragraph 55, 56, 57, 57, 58, 59 and 60 of Plaintiff's First Amended Complaint.

**AFFIRMATIVE DEFENSES**

1. As a first affirmation defense, CCHCHI asserts that it maintains a policy prohibiting discrimination and harassment in the workplace and Plaintiff failed to avail herself of that policy in addressing her concerns.

117864683.1

2. As further affirmative defense, and in the alternative, CCHCI asserts that it possessed legitimate, non-discriminatory reasons for any alleged adverse actions it took against Plaintiff.

3. As further affirmative defense, and in the alternative, CCHCI asserts that Plaintiff failed to inform CCHCI that she believed she was compelled to resign as a product of unlawful discrimination as required to advance the claim of Constructive Discharge under A.R.S. §23-1502.

4. As further affirmative defense, and in the alternative, CCHCI asserts that Plaintiff failed to mitigate her damages.

5. CCHCI reserves the right to assert addition 8(c) affirmative defenses as such become known through discovery.

WHEREFORE, having fully answers Plaintiff's First Complaint, CCHCI prays that Plaintiff's First Amended Complaint be dismissed, that Plaintiff take nothing thereby, and that CCHCI receive its costs in defending the matter and its attorneys' fees in defense of the matter pursuant to A.R.S. §12-341.01, 12-349 and 41-1472.

DATED this 20th day of December, 2024.

JONES, SKELTON & HOCHULI, P.L.C.

By /s/ Gordon Lewis
Gordon Lewis
Stephanie D. Baldwin
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Attorneys for Defendant Chiricahua
Community Health Centers, Inc.

117864683.1

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of December, 2024, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

/s/ Megan Axlund

117864683.1